## Case No. 594.

### In re ASTEN.

[8 Ben. 350;[1] 14 N. B. R. 7.]

District Court, E. D. New York. Jan., 1876.

BANKRUPTCY—RESOLUTION OF COMPOSITION—CONFIRMATION BY REQUISITE NUMBER—AMENDMENT OF BANKRUPT'S STATEMENT.

1. A motion, to record a resolution of composition in bankruptcy, was opposed by creditors on the ground that it had not been confirmed by the number of creditors required in accordance with the debtor's statement presented at the creditors' meeting. The debtor claimed that the statement was inaccurate, and that an accurate statement would show that the composition had been confirmed by the requisite number: Held, That the statement could not be corrected at this time, but should have been corrected at the creditors' meeting. At such meeting the creditors are entitled to examine the debtor as to any corrections intended to be made.

2. Confirmation of the resolution of composition denied, the requisite number of creditors according to the list presented at the creditors' meeting not having signed, with leave to renew motion when the list should be corrected and properly confirmed.

In bankruptcy.

G. A. Seixas, for petitioners.

BENEDICT, District Judge. This is a proceeding in bankruptcy which comes before the court upon a motion to record a resolution of composition and to file a statement of assets and debts. The motion is opposed upon the ground that the resolution has not been confirmed by the requisite number of the creditors, upon the debtor's statement of

---

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

debts and assets, presented at the creditors' meeting, and which it is now proposed to file.

An examination of this statement shows the fact to be as claimed by the opposing creditors; but on the part of the debtor it is claimed (and so the fact appears) that the statement is inaccurate in this, that at least one person named as a creditor is not a creditor, and two of the creditors named as unsecured are in fact secured; so that, as a matter of fact, the resolution has been confirmed by the requisite number of all the creditors. It is therefore contended that the law has been complied with and the resolution can be recorded, although, if the statement of debts and assets be taken as correct, the requisite number have not confirmed the resolution. No doubt the statement of assets may be corrected by the consent of a meeting of the creditors, for the statute so expressly declares; and I incline to the opinion that this statement might have been amended at the first meeting of creditors so as to make it conform to the facts then disclosed by the proofs of debts and the examination of the debtor. But I am also of the opinion that, until so amended, it cannot be filed. It is by the statement presented to the court, that the court is to see that the requisite proportion of creditors have voted to confirm. The evident intention of the statute is, that the statement and resolutions should be filed together, and disclose to all interested a legal confirmation of the resolution by the requisite proportion of the creditors appearing on the statement.

It cannot, therefore, be sufficient that it be made to appear by evidence outside the statement, presented to the court, and not to the creditors, that the statement is inaccurate, and in this way to show that the resolution has been passed by the requisite number of the creditors. The creditors are entitled to learn in what respect the debtor's statement is inaccurate, and wherein it is to be amended, and to have the opportunity of examining the debtor, as to any corrections intended to be made; and the statement as intended to be filed must furnish to the court the basis on which to determine whether the resolution has been passed, as required by law. Looking to the statement now presented in this case, and which is sought to be filed, it cannot be seen that the resolution has been confirmed by the requisite number of creditors.

The motion to record and file must, therefore, be denied, with liberty to renew the same upon an amended statement, when the statement shall have been amended in the method provided by the statute.

The other objections do not appear to me to be sufficient to defeat this composition, and I should have no difficulty in finding it to be for the interest of all concerned to record the resolution, provided it appeared to have been passed in the manner directed by the statute.

ASTLEY, (UNITED STATES v.) See Case No. 14,472.